UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL SIGGERS,

    Plaintiff,

                          CASE NO. 07-CV-12495-DT
                          JUDGE MARIANNE O. BATTANI
                          MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ELLEN M. CAMPBELL,
PATRICIA L. CARUSO,
ANDREW J. JACKSON and
NORMAN MINTON,

    Defendants.
                                             /

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO TRANSFER CASE TO EARLIER JUDGE (Doc. Ent. 25)

**I.**     **RECOMMENDATION:** The Court should deny plaintiff's motion to transfer the instant case to the judge in Case No. 2:01-CV-72729-AJT-WC pursuant to E.D. Mich. LR 83.11(b)(7). Doc. Ent. 25.

**II.**     **REPORT:**

**A.**     **Background**

Plaintiff has previously been a party to two cases in this Court.[1] First, plaintiff filed a petition for writ of habeas corpus on May 6, 1996. On August 30, 1996, Judge Hood entered judgment dismissing without prejudice petitioner's petition. *Siggers v. Stegall*, Case No. 2:96-CV-72109.

---

[1]Plaintiff was also a party to *Siggers v. Boots*, Case No. 1:90-CV-00627, in the Western District of Michigan.

Second, on July 24, 2001, plaintiff filed a prisoner civil rights case against defendant David Barlow. *Siggers v. Barlow*, Case No. 2:01-CV-72729. According to the November 15, 2005 joint final pretrial order, plaintiff brought "a claim of First Amendment retaliation pursuant to 42 U.S.C. § 1983, charging the defendant with retaliatory transfer, interference with access to counsel, intimidation, and other intentional harms in response to the plaintiff having complained to supervisory officials about the defendant's conduct." Doc. Ent. 66 at 1. Defendant is identified as the RUM (Resident Unit Manager), apparently at Mount Correctional Facility (NRF). Doc. Ent. 66 at 1-2, 7 ¶ 39. It appears that the facts underlying this complaint took place during 2000 and 2001. Doc. Ent. 66 at 1-2. On September 12, 2003, Judge Tarnow entered an order denying defendant's motion for summary judgment. Doc. Ent. 42. On June 24, 2005, the Sixth Circuit affirmed his decision. *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005). On December 30, 2005, Judge Tarnow entered judgment for plaintiff and against defendant in the amount of $219,000. Doc. Ent. 72. On April 10, 2006, Judge Tarnow entered an order denying defendant's motion for remittitur and/or new trial, granting plaintiff's motion for costs, and granting plaintiff's petition for attorney fees. *Siggers-El v. Barlow*, 433 F.Supp.2d 811 (E.D. Mich. 2006). On August 31, 2006, Judge Tarnow entered a stipulated order of dismissal with prejudice. Doc. Ent. 99.

**B.     The Instant Case**

Plaintiff is currently confined at Muskegon Correctional Facility (MCF). On June 11, 2007, while incarcerated at MCF, plaintiff filed this pro se prisoner civil rights complaint against defendants Patricia L. Caruso, Director of the Michigan Department of Corrections (MDOC); Andrew J. Jackson, described as the MCF Warden; Ellen M. Campbell, described as an MCF mailroom clerk; and Norman Minton, described as an MCF Lieutenant. Doc. Ent. 1 ¶¶ 4-7. The

facts underlying plaintiff's complaint span the period from September 23, 2004 to May 11, 2007. Doc. Ent. 1 ¶¶ 8-46. Plaintiff's complaint is based upon his First Amendment rights to free speech, against retaliation, and of access to courts, as well as the Fair and Just Treatment Clause of the Michigan Constitution. Doc. Ent. 1 ¶¶ 47-51.

Judge Battani has referred this case to me for all pretrial matters. Doc. Ent. 6. Pursuant to my September 4, 2007 order, defendants had up to and including November 5, 2007 by which to file a responsive pleading. Doc. Ent. 9.

**C.     Pending Motions**

Currently before the Court are defendants October 17, 2007 motion to stay discovery (Doc. Ent. 16);[2] defendants November 5, 2007 motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim (Doc. Ent. 19);[3] defendants' December 7, 2007 motion to strike their November 5, 2007 motion (Doc. Ent. 21);[4] defendants' December 7, 2007 motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim (Doc. Ent. 22); and plaintiff's January 25, 2008 motion to transfer case to earlier judge (Doc. Ent. 25).

**D.     The Court should deny plaintiff's January 25, 2008, motion to transfer case to earlier judge pursuant to E.D. Mich. LR 93.11(b)(7).**

Plaintiff's motion is based upon E.D. Mich. LR 83.11(b)(7), specifically subsections (A) and ©. Doc. Ent. 25 at 1. E.D. Mich. LR 83.11(b)(7) governs companion cases. It provides:

---

[2]On October 22, 2007, I entered an order setting the response deadline for November 19, 2007. Doc. Ent. 17. Plaintiff filed a response on October 31, 2007. Doc. Ent. 18.

[3]On November 9, 2007, I entered an order setting the response deadline for December 17, 2007. Doc. Ent. 20. Plaintiff filed a response on December 6, 2007. Doc. Ent. 23.

[4]On December 17, 2007, plaintiff filed a to defendant's motion to strike. Doc. Ent. 24.

3

> (A) Companion cases are those cases in which it appears that:
>
> (I) substantially similar evidence will be offered at trial, or
>
> (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.
>
> (B) Counsel, including the United States Attorney, or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the civil case cover sheet.
>
> © When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

E.D. Mich. LR 83.11(b)(7).

Plaintiff claims he complied with Subsection (B) by his June 5, 2007, letter to this Court, wherein he claimed this was a companion case to Case No. 2:01-CF-72729, because "it was born of a previous action involving the same issues, presided over by Judge Arthur J. Tarnow, and is a continuation of that matter." Doc. Ent. 25 at 2, 4. In the instant motion, plaintiff asserts that this case "was born of a[n] earlier action where 'substantially similar evidence will be offered at trial' and 'the same or related parties are present, and the cases arise out of the same transaction or occurrence.'" Doc. Ent. 25 at 1 ¶ 2. Specifically, plaintiff contends that "[t]he issue presented in the earlier case was the retaliatory acts by a[n] MDOC employee, in violation of the First Amendment to the U.S. Constitution. This same issue is presented in the instant case against co-workers of the Defendant in the earlier case." Doc. Ent. 25 at 2.

The Court should disagree with plaintiff's assertion that this is a companion case under E.D. Mich. LR 83.11(b)(7). Although the period of time described in the instant complaint (September 23, 2004 - May 11, 2007) encompasses the time of the Sixth Circuit's June 24, 2005

decision through the termination of Case No. 2:01-CV-72729, there are different defendants. Furthermore, the defendants in the instant case are identified as employees at MCF, whereas the defendant in the previous case appears to have been employed at NRF. Therefore, even though both complaints allege First Amendment retaliation, the different defendants and the different locations make it likely that evidence to be offered at trial will be not be substantially similar and make it less likely that the instant case arises "out of the same transaction or occurrence" as did the previously filed case. In fact, many of the joint exhibits listed in Case No. 2:01-CV-72729's joint final pretrial order are dated in 1999, 2000, 2001 and 2002 - dates before the period of time described in the instant complaint. Doc. Ent. 66.

For these reasons, the Court should deny plaintiff's motion to transfer Case No. 2:07-CV-12495 to Judge Tarnow.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829

F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE
Dated: 8/15/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 15, 2008.
>
>                               s/Eddrey Butts
>                               Case Manager