UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL SIGGERS,

        Plaintiff,

                               CASE NO. 07-CV-12495-DT
                               JUDGE MARIANNE O. BATTANI
                               MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

ELLEN M. CAMPBELL,
PATRICIA L. CARUSO,
ANDREW J. JACKSON and
NORMAN MINTON,

        Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' NOVEMBER 5, 2007 MOTION (Doc. Ent. 19) and DEFENDANTS' DECEMBER 7, 2007 MOTION TO STRIKE THE NOVEMBER 5, 2007 MOTION (Doc. Ent. 21)**

**I.**    **RECOMMENDATION:** The Court should deny defendants' November 5, 2007 motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim (Doc. Ent. 19) and should deny defendants' motion to strike the November 5, 2007 motion (Doc. Ent. 21).

**II.**    **REPORT:**

**A.**    **Background**

      Plaintiff filed this prisoner civil rights case on June 11, 2007. Judge Battani has referred this case to me for all pretrial matters. Pursuant to my September 4, 2007 order, defendants had up to and including November 5, 2007 by which to file a responsive pleading.

Currently before the Court are defendants October 17, 2007 motion to stay discovery (Doc. Ent. 16);[1] defendants November 5, 2007 motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim (Doc. Ent. 19); defendants' December 7, 2007 motion to strike their November 5, 2007 motion (Doc. Ent. 21); and defendants' December 7, 2007 motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim (Doc. Ent. 22).

**B.    Defendants' November 5, 2007 motion**

Defendants' November 5, 2007, motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim alleges that plaintiff "must demonstrate exhaustion by attaching to his complaint the documents evidencing exhaustion[,]" and that he "failed to attach documents evidencing exhaustion."  Doc. Ent. 19 at 1 ¶¶ 1-2.  It also alleges that plaintiff's complaint "fails to state a claim upon which relief can be granted."  Doc. Ent. 19 at 1 ¶ 6.  Defendants request that the Court "dismiss this action without prejudice as required by *Jones-Bey*, or alternatively dismiss this action <u>with prejudice</u> as authorized by 42 USC § 1997e(c)(2)."  Doc. Ent. 19 at 2.

On November 9, 2007, I entered an order setting the response deadline for December 17, 2007.  Doc. Ent. 20.  Plaintiff filed a response in opposition on December 6, 2007.  Doc. Ent. 23.

**C.    Defendants' December 7, 2007 motion to strike the November 5, 2007 motion**

Defendants' December 7, 2007 motion to strike their November 5, 2007 motion asserts that "the wrong motion was filed.  Defendants are submitting a corrected Motion and Brief this

---

[1]On October 22, 2007, I entered an order setting the response deadline for November 19, 2007.  Doc. Ent. 17.  On October 31, 2007, plaintiff filed a response in opposition to the motion to stay discovery.  Doc. Ent. 18.

date." Doc. Ent. 21 at 1. Defendants' motion to strike is based upon Fed. R. Civ. P. 12(f). Doc. Ent. 21 at 4-5. According to defendants, "[o]n December 7, 2007, defense counsel discovered that an incorrect motion, with irrelevant case law, was accidentally filed." Defendants "seek to strike the erroneous motion, and re-file the correct motion." They propose to do so by striking all of Doc. Ent. 19 and re-filing the correct documents. Doc. Ent. 21 at 6. Defendants argue that "[b]ecause the arguments in the incorrect motion filed on November 5, 2007 are immaterial, the Court should grant this motion to strike, and allow the re-filing of the correct motion." Defendants contend that their earlier filing "contained immaterial and incorrect case law citations and was inadvertently filed in error[.]" Doc. Ent. 21 at 7. On the same day, defendants filed a motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim. Doc. Ent. 22.

On December 17, 2007, plaintiff filed an "objection/response to defendant's improper and untimely motion to strike and amend its motion to dismiss[,]" in which he requests that the Court summarily dismiss the motion to strike. Doc. Ent. 24 at 1. He claims that defendants filed the December 7, 2007 motion to strike (Doc. Ent. 21) after receiving plaintiff's December 6, 2007 response (Doc. Ent. 23) to defendants' November 5, 2007 motion (Doc. Ent. 19). Doc. Ent. 24 at 1. Plaintiff contends that defendants' motion to strike "is a blatant and obvious delay tactic, and violates the rudimentary standard of advocacy and the rule of law." Doc. Ent. 24 at 2.

**D.    Analysis**

**1.    The Court should deny defendants' December 7, 2007 motion to strike the November 5, 2007 motion.**

Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:  (1)

3

on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading."

Plaintiff points out that "Counsel's motion was filed after receiving Plaintiff's Reply Brief." Doc. Ent. 24 at 2. Also, plaintiff asserts that "[i]mmaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded....Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Wilkins v. Ramirez*, 455 F.Supp.2d 1080, 1112 (S.D. Cal. 2006) (internal quotations and citations omitted). Plaintiff contends that defendant's November 5, 2007 motion (Doc. Ent. 19) "although without merit, presented a defense in response to the essential issues in Plaintiff's complaint and thus does not meet the criteria for a motion to strike." Doc. Ent. 24 at 2, 3. Plaintiff further notes:

> Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D.Cal.2003). Thus, courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal.1992).

*Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F.Supp.2d 1136, 1139 (S.D. Cal. 2006); Doc Ent. 24 at 3.

The Court should deny defendants' Rule 12(f) motion on the basis that plaintiff's response was filed on December 6, 2007 - a date before defendant's motion to strike. Fed. R. Civ. P. 12(f)(2). Accordingly, the Court should deny plaintiff's request that the motion to strike be summarily dismissed. Doc. Ent. 24 at 1, 3. Furthermore, the Court should deny plaintiff's request that defense counsel be sanctioned under Fed. R. Civ. P. 11. There is no basis for the

Court to conclude that defense counsel was acting with "flagrant abuse of process and lack of respect for these proceedings[,]" Doc. Ent. 24 at 3, and a Rule 11 motion for sanctions must comply with the provisions of subsection Fed. R. Civ. P. 11(c)(2).

**2.      Furthermore, the Court should deny defendants' November 5, 2007 motion to dismiss.**

The Court should deny defendants' November 5, 2007 motion to dismiss based on failure to exhaust administrative remedies and failure to state a claim (Doc. Ent. 19). Defendants' motion is based upon Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 42 U.S.C. § 1997e(a). Doc. Ent. 19 at 1. It cites *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001), *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003) and *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). Doc. Ent. 19 at 1-2.

On January 22, 2007, the Supreme Court of the United States decided *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007). Succinctly, the Court found that the Prison Litigation Reform Act (PLRA) does not: "[1] require a prisoner to allege and demonstrate exhaustion in his complaint, [2] permit suit only against defendants who were identified by the prisoner in his grievance, [or] [3] require courts to dismiss the entire action if the prisoner fails to satisfy the exhaustion requirement as to any single claim in his complaint." *Jones*, 127 S.Ct. at 914.

The Supreme Court's January 22, 2007 decision negates defendants' November 5, 2007 arguments that plaintiff was required to demonstrate exhaustion and that claims in a complaint must be totally exhausted (*Jones-Bey*). Doc. Ent. 19 ¶¶ 1, 2, 5. To the extent defendants argue that "[a] prisoner must file a grievance against each person he ultimately seeks to sue[,]" and "[t]o administratively exhaust against a particular person, that person must be named in the Step I grievance[,]" Doc. Ent. 19 ¶¶ 3, 4, the Supreme Court considered "how courts determine whether a prisoner has properly exhausted administrative remedies-specifically, the level of

detail required in a grievance to put the prison and individual officials on notice of the claim." *Jones*, 127 S.Ct. at 915, 922-923.  The Supreme Court noted that "[a]t the time each of the grievances at issue here was filed . . . the MDOC policy did not contain any provision specifying who must be named in a grievance[,]" and held that "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."  *Jones*, 127 S.Ct. at 922, 923.

This motion also alleged that plaintiff had not stated a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6) and sought the alternative relief of dismissal with prejudice pursuant to 42 U.S.C. § 1997e(c)(2).[2]  Doc. Ent. 19 at 2, 2 ¶ 6.  However, whether plaintiff has satisfied the exhaustion requirements as discussed by the Supreme Court in *Jones v. Bock* and *Woodford v. Ngo* and whether plaintiff has stated a claim upon which relief may be granted are issues that will be assessed when the Court addresses defendants' December 7, 2007 motion to dismiss based upon Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 42 U.S.C. § 1997e(a).  Doc. Ent. 22 at 1.

**3.     These conclusions will not result in prejudice to plaintiff when the Court considers defendants' December 7, 2007 motion.**

I am mindful, as plaintiff suggests, that granting the relief defendants seek would permit parties to move "to strike the initial pleading, and amend it to conform to the arguments presented by the opposing party[,]" - a practice which would prejudice the responding party.

---

[2]"In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."  42 U.S.C. § 1997e(c)(2).

Doc. Ent. 24 at 2. Furthermore, it is possible that defendants moved to strike their November 5, 2007 motion (Doc. Ent. 19), rather than to withdraw it, because the refiled motion would have been tardy under my September 4, 2007 order requiring that defendants file a responsive pleading no later than November 5, 2007. Doc. Ent. 9.

Nonetheless, the re-filed motion, as well as plaintiff's original response, should be addressed on the merits under separate cover. I conclude that defense counsel did not file the instant motion to strike "to delay, harass and prejudice Plaintiff." Doc. Ent. 24 at 3. Even if the mistake was brought to defense counsel's attention by receipt of plaintiff's December 6, 2007, response, defendants December 5, 2007 motion asserts the correct exhaustion case law - law which requires that failure to exhaust be treated as an affirmative defense and places the burden of showing exhaustion on defendants. If the Court denies defendant's November 5, 2007 motion on its merits (because the principles on which it is based have been overturned) and denies defendants' December 7, 2007 motion to strike, rather than deeming the dispositive motion stricken or withdrawn, defendants will have complied with my September 4, 2007 order requiring them to file a responsive pleading by November 5, 2007. Doc. Ent. 9 at 2. It would be prudent to consider defendants' December 7, 2007 motion to dismiss on the merits, taking into consideration the appropriate case law.

Nor should the Court conclude that plaintiff will be prejudiced in the Court's assessment of defendants' dispositive motion by these procedural events. To begin, E.D. Mich. LR 7.1 provides in part that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(b). The rule also provides that "A response to a dispositive motion must be filed within 21 days after service of the motion."

E.D. Mich. LR 7.1(d)(1)(B). To this date, plaintiff has not filed a response to defendants' December 7, 2007, motion to dismiss.

Nonetheless, the Court will consider plaintiff's December 6, 2007 response (to the November 5, 2007 motion to dismiss) in its assessment of plaintiff's December 7, 2007 motion to dismiss. Defendants' November 5, 2007 filing consists of a two-page motion (Doc. Ent. 19 at 1-2) and an eighteen-page brief (Doc. Ent. 19 at 3-20). Defendants' December 7, 2007 filing consists of a three-page motion (Doc. Ent. 22 at 1-3) and an eighteen-page brief (Doc. Ent. 22 at 4-21). The general difference in the motions is that the December 5, 2007 motion reflects the arguments presented in the aforementioned briefs. Doc. Ent. 19 at 1-2; Doc. Ent. 22 at 1-3; Doc. Ent. 22 at 4-21. The only apparent difference between the briefs filed in the November 5, 2007 and December 7, 2007 motions is the date on the first and last pages. Doc. Ent. 19 at 3, 20; Doc. Ent. 22 at 4, 21. The "Index of Exhibits" filed with the November 5, 2007 motion is identical to the "Index of Exhibits" filed with the December 7, 2007 motion. Doc. Entries 19-2 and 22-2. Furthermore, plaintiff's December 6, 2007 response cites to the United States Supreme Court's June 22, 2006 decision in *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006) and January 22, 2007 decision in *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) - the exhaustion case law set forth in defendants' December 5, 2007 motion. Doc. Ent. 22 at 1-2 ¶¶ 1-11; Doc. Ent. 23 at 6, 16.

III.    **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers*, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/15/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 15, 2008.

s/Eddrey Butts
Case Manager