UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL A. SIGGERS,

    Plaintiff,

    v.

CASE NO. 2:07-CV-12495
JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE PAUL KOMIVES

ELLEN M. CAMPBELL, et al.,

    Defendants.
    _____/

**REPORT AND RECOMMENDATION ON: (1) DEFENDANT CAMPBELL'S MOTION FOR SUMMARY JUDGMENT (docket #52); (2) DEFENDANT CAMPBELL'S MOTION TO STAY DISCOVERY (docket #53); (3) PLAINTIFF'S MOTION TO DELAY CONSIDERATION (docket #56); (4) PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT (docket #57); and (5) PLAINTIFF'S SUPPLEMENTAL CROSS-MOTION FOR SUMMARY JUDGMENT (docket #65)**

I.    RECOMMENDATION: The Court should deny plaintiff's motion to delay consideration of defendant Campbell's motion for summary judgment (docket #56), grant defendant Campbell's motion for summary judgment (docket #52) and deny plaintiff's two cross-motions for summary judgment (docket #57 and #65), and deny as moot defendant Campbell's motion to stay discovery (docket #53).

II.    REPORT:

A.    *Procedural Background*

Plaintiff Darrell A. Siggers is a state prisoner who, at the times relevant to this action, was incarcerated at the Mound Correctional Facility in Detroit, Michigan. Plaintiff commenced this action on June 11, 2007, by filing a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff named as defendants MDOC Director Patricia Caruso; Mound Correctional Facility Warden Andrew

1

Jackson; Mail Room Clerk Ellen M. Campbell; and Lieutenant N. Minton. Plaintiff alleges that defendants violated his First and Fourteenth Amendment rights in connection with the rejection of mail sent to him and related grievances and misconduct reports. On December 10, 2008, the Court entered an Order granting in part and denying in part defendants' motion to dismiss. The Court dismissed all of plaintiff's claims against defendants with the exception of plaintiff's claim against defendant Campbell relating to the September 12, 2006, rejection of his legal mail.

The matter is currently before the Court on several motions filed by the parties: (1) defendant Campbell's motion for summary judgment, filed February 25, 2009 (docket #52), and plaintiff's related cross-motions for summary judgment, filed March 16, 2009 (docket #57), and August 7, 2009 (docket #65); (2) defendant Campbell's motion to stay discovery (docket #53); and (3) plaintiff's motion to delay consideration of defendant's motion for summary judgment (docket #56). For the reasons that follow, the Court should deny plaintiff's motion to delay consideration, grant defendant Campbell's motion for summary judgment, deny plaintiff's cross-motions for summary judgment, and deny as moot defendant Campbell's motion to stay discovery.

B.  *Plaintiff's Motion to Delay Consideration*

On March 16, 2009, plaintiff filed a motion to delay consideration of defendant Campbell's motion for summary judgment. Plaintiff argues that consideration of the motion for summary judgment should be delayed pending (a) the Court's ruling on his Rule 59 motion to alter or amend with respect to the claims previously dismissed by the Court, and (b) defendant Campbell's response to his discovery request seeking a copy of the report prepared following the administrative hearing regarding the September 12, 2006, rejection of his mail. The Court should conclude that it is not necessary to delay consideration of defendant Campbell's motion for summary judgment.

2

With respect to plaintiff's first reason for delaying consideration, the Court denied plaintiff's motion to alter or amend on March 11, 2009. Thus, this motion is no longer pending and provides no basis for delaying consideration of defendant Campbell's motion for summary judgment.

With respect to plaintiff's pending discovery request, he seeks a copy of the report prepared following the administrative hearing held regarding the September 12, 2006, rejection. Defendant contends that, although administrative hearings were held regarding other mail rejections, no such hearing was held regarding the September 12, 2006, rejection, and thus no report exists which could be produced in discovery. In support, defendant presents the affidavit of Delores Crosby, the litigation coordinator at the Muskegon Correctional Facility, where plaintiff is currently incarcerated. She avers that a Record Office file and Counselor file are maintained at a facility where a prisoner is housed, and that these files travel with a prisoner when he is transferred. She further avers that she searched plaintiff's Record Office and Counselor files and found no record of a hearing relating to the September 12, 2006, mail rejection notice. *See* Def.'s Supp. Resp. to Pl.'s Mot. to Delay, Ex. A, ¶¶ 3-4. Defendant also presents the affidavit of Felipe Perea, the litigation coordinator at Mound Correctional Facility. He avers that if a hearing was held regarding the September 12, 2006, notice of rejection, a copy of the hearing records would be maintained in the Mound facility mailroom and document storage area. He avers that he searched each of these locations, and found no hearing records regarding the September 12, 2006, mail rejection notice. *See* Def.'s Amended Supp. Resp., Ex. B, ¶¶ 5-7. In addition, defendant notes that in the portion of the September 12, 2006, notice of rejection to be completed by the prisoner, plaintiff requested that the mail be sent to "owner Rick Rimmer, or sender Spencer," but did not mark the box for requesting a hearing. *See* Def.'s Mot. for Summ. J., Ex. B.

Plaintiff contends that a hearing was in fact held, and that the report from that hearing is necessary for him to defendant against defendant's motion for summary judgment. The Court should disagree, for two reasons. First, defendant has asserted that the document sought by plaintiff does not exist, and has provided two affidavits to support this contention. "The Court cannot compel a party to produce documents that do not exist." *Sonnino v. University of Kan. Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004); *accord Bethel v. United States ex rel. Veterans Admin. Med. Ctr.*, No. 05-cv-01336, 2008 WL 45382, at *4 (D. Colo. Jan. 2, 2008). In the absence of evidence to the contrary, a court must take a party "at its word that there are no other documents in its possession, custody, or control that are" responsive to these document requests. *Smiley v. City of Philadelphia*, No. 95-0804, 1995 WL 639799, at *2 (E.D. Pa. Oct. 30, 1995); *see also*, *Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. 94-2304-EEO, 1995 WL 526533, at *1 (D. Kan. Aug. 31, 1995). Because defendant has provided evidence that a hearing report does not exist, and because there is no evidence to the contrary, further discovery would be futile.

Second, even if a hearing was held and a report was prepared, the document is irrelevant to plaintiff's claim regarding the September 12, 2006, notice of rejection. As plaintiff himself recognizes in his reply to defendant's response to this motion to delay consideration, the issue in this case is not whether plaintiff requested a hearing or "voluntarily returned the documents to the sender . . . , but rather, whether defendant rejected the documents because they violated policy, or as an act of retaliation." Pl.'s Reply, at 2. Nothing that happened at the hearing, if there was one, bears on whether the initial rejection of the mail was proper or based on a retaliatory motive. Thus, the discovery that plaintiff seeks would not have the potential to provide an issue of material fact which does not otherwise exist. *See Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989) (summary

judgment not premature even though discovery had not been conducted where "there is no evidence that discovery would have disclosed disputed material facts in support of [plaintiff's] claim."). Accordingly, the Court should deny plaintiff's motion to delay consideration of defendant Campbell's motion for summary judgment.

C. *The Parties' Cross-Motions for Summary Judgment*

1. *Legal Standard*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district

court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

2. *Analysis*

The sole remaining claim relates to the September 12, 2006, rejection by defendant Campbell of legal mail sent to plaintiff by another prisoner. Defendant Campbell rejected this mail pursuant to Policy Directive 04.07.112(M), concluding that plaintiff did "not have a current, valid legal agreement with this prisoner nor does material meet the criteria of legal property allowed." Def.'s Mot., Ex. B; *see also*, *id.*, Ex. A, Aff. of Ellen Campbell, ¶ 3 [hereinafter "Def.'s Aff."]. The policy directive, in relevant part, provides that "[p]risoner shall be permitted to possess legal property," and defines "legal property" to include materials "necessary to a prisoner's pending litigation, or

6

reasonably necessary to another prisoner's pending litigation provided there is a current, valid agreement for legal assistance with the other prisoner in accordance with PD 05.03.113[.]" MICHIGAN DEP'T OF CORRECTIONS, POLICY DIRECTIVE 04.07.112(M)(1) (effective Nov. 14, 2004). Plaintiff filed a grievance regarding this rejection, contending that the mail was permitted pursuant to a memorandum by Richard Stapleton, Administrator of the MDOC's Office of Policy and Hearings. *See id.*, Ex. C. This memorandum, dated October 24, 2002, and addressed to all Wardens, attempts to clarify Policy Directive 04.07.112(M) and provides in relevant part:

> As a result of developments in the *Cain* case, clarification has been requested as to when a prisoner can receive through the mail motions, briefs, pleadings and similar legal documents in which another prisoner is identified as a party. Please advise mail room staff and other appropriate staff at your facility that such items fall within the definition of "legal property" contained within PD 04.07.112 "Prisoner Personal Property." These documents, if received in the mail for a prisoner at your facility, cannot be rejected solely on the basis that another prisoner is identified as a party. This is true even if there is no authorized legal assistance agreement between the prisoners involved. There must be other clear proof that the documents violate Department policy.
> Motions, briefs, pleadings, and similar legal documents in which another prisoner is identified as a party may not be allowed through the mail if it is apparent and can be established that they are being provided in order to circumvent the requirement that prisoner have a current and valid legal assistance agreement.

Compl., Ex. B. Plaintiff's grievance was rejected at each step of the grievance process. Specifically, the Step I grievance response by Don Gouveia indicates that the rejection was proper because although the Stapleton memorandum explains Policy Directive 04.07.112(M), it does not supercede the Policy Directive per the information provided to him by Melody Wallace of the Office of Policy and Hearings. *See* Def.'s Mot., Ex. D.

Plaintiff contends that the mail was improperly rejected under Policy Directive 04.07.112(M) in light of the Stapleton memorandum, and that it was so rejected in retaliation for his success in a civil rights suit against a Resident Unit Manager at the Mound Correctional Facility in the case

7

*Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005) (*"Siggers I"*), *opinion after appeal*, 433 F. Supp. 2d 811 (E.D. Mich. 2006) (Tarnow, J.) ("*Siggers II*"). That case was commenced in this Court on July 24, 2001, and alleged that Resident Unit Manager David Barlow retaliated against plaintiff for filing grievances by transferring him out of the Mound Correctional Facility. *See Siggers I*, 412 F.3d at 696-98; *Siggers II*, 433 F. Supp. 2d at 814-15. Plaintiff prevailed in that action April 2006, obtaining a jury verdict in his favor and an award of damages totaling $219,000.00. Defendant Campbell avers that she had no knowledge of this lawsuit, and that she did not reject plaintiff's mail to retaliate for the filing of this lawsuit but solely based on Policy Directive 04.07.112(M). *See* Def.'s Aff., ¶¶ 3, 6-7.

In order to succeed on his retaliation claim, plaintiff must establish three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (plurality op.). However, if the "defendant can show that [s]he would have taken the same action in the absence of the protected activity, [s]he is entitled to prevail on summary judgment." *Id*. at 399. While the adverse action inquiry is ordinarily a question of fact for the jury, some "adverse actions" are so *de minimis* that they fail to state a retaliation claim as a matter of law. *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002); *Thaddeus-X*, 175 F.3d at 398-99.

Defendant contends that plaintiff cannot establish the first element of his retaliation claim because the receipt of mail from another prisoner is not constitutionally protected conduct. This argument is without merit, because plaintiff does not contend that he was retaliated against for

helping other inmates with their legal work. Rather, plaintiff contends that he was retaliated against for filing his own lawsuit against another Mound Correctional Facility employee. Plaintiff's filing of a civil rights lawsuit is constitutionally protected activity, and thus the first element of the retaliation claim is satisfied.

Nevertheless, the Court should conclude that defendant Campbell is entitled to summary judgment because plaintiff cannot show a causal connection between his lawsuit against Barlow and defendant Campbell's rejection of his mail. Defendant Campbell denies any knowledge of his lawsuit and plaintiff provides no evidence that she knew about the lawsuit. The prior lawsuit did not involve defendant Campbell or any issues within the scope of defendant Campbell's employment, and concerned events occurring in 2001 and 2002. There is no evidence that defendant Campbell was friends with or even knew who Barlow was at the time she rejected plaintiff's mail. Plaintiff speculates that defendant Campbell must have known about the lawsuit because decisions in the case were published in the Federal Reporter and Federal Supplement, but there is no evidence that defendant Campbell is a lawyer or ever perused these legal publications. Plaintiff also speculates that defendant Campbell must have known about the lawsuit because his incoming mail was opened and inspected, and this incoming mail included mail relating to his case. However, there is no evidence that defendant Campbell herself opened this mail or, if she did, that she read it. Indeed, if the mail relating to this prior suit was marked as legal mail, defendant Campbell would have been prohibited from reading it by prison regulations.

Nor can plaintiff show a retaliatory motive even if defendant Campbell was aware of the prior lawsuit against Barlow. As noted above, the suit did not involve Campbell in any way, and thus there is no basis to infer that Campbell herself had any retaliatory motivation to reject plaintiff's

mail. Further, the rejection occurred well after the events at issue in the suit against Barlow, and many months after plaintiff succeeded in that case. Thus, there is no temporal proximity which would give rise to a strong inference of retaliatory motive. Most importantly, the evidence shows that defendant Campbell would have rejected the mail based on Policy Directive 04.07.112(M) regardless of plaintiff's prior lawsuit against Barlow. Defendant Campbell determined that the mail violated the policy directive, and that the Stapleton memorandum did not supercede the Policy Directive. This decision was affirmed at all stages of the grievance process, suggesting that it was not mere pretext concocted by defendant Campbell to mask impermissible retaliation but the prison officials' consistent interpretation of the Policy Directive and the Stapleton memorandum. Indeed, it appears that this interpretation was taken by the entire Mound Correctional Facility mailroom with respect to all similar incoming mail, as evidenced by the fact that it was brought to the Warden's attention by other prisoners at a Warden's forum held in September 2005. *See* Compl., Ex. D. Thus, the evidence in the record establishes that plaintiff's incoming mail was rejected based on defendant Campbell's consistently-applied interpretation of Policy Directive 04.07.112(M). Regardless of whether that interpretation was correct in light of the Stapleton memorandum, it does not constitute retaliation against plaintiff in particular. As noted above, if "defendant can show that [s]he would have taken the same action in the absence of the protected activity, [s]he is entitled to prevail on summary judgment." *Thaddeus-X*, 175 F.3d at 399. As the record exists, it is clear that plaintiff's "prohibited correspondence would have been rejected whether the mailroom clerks knew of [plaintiff's] legal actions or not." *Smith v. Parker*, 7 Fed. Appx. 432, 435 (6th Cir. 2001).

     In short, plaintiff has provided no specific allegations or evidence from which a retaliatory motive may be inferred. Plaintiff's "conclusory allegations of retaliatory motive unsupported by

material facts will not be sufficient to state a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (internal quotation omitted); *see also*, *Cox v. Jackson*, 579 F. Supp. 2d 831, 848 (E.D. Mich. 2008) (Rosen J., adopting Report of Komives, M.J.). Accordingly, the Court should grant defendant Campbell's motion for summary judgment, and deny plaintiff's cross-motions for summary judgment.

D.  *Defendant's Motion to Stay Discovery*

Finally, defendant moves to stay discovery pending the Court's resolution of the qualified immunity issue. As explained above, consideration of defendant's motion for summary judgment need not be delayed pending further discovery. Thus, if the Court accepts my recommendation and concludes that defendant is entitled to summary judgment, defendant's request to stay discovery will be moot. Accordingly, consistent with my above recommendation regarding defendant's motion for summary judgment, the Court should deny as moot defendant's motion to stay discovery.

E.  *Conclusion*

In view of the foregoing, the Court should conclude that the discovery sought by plaintiff does not exist and, even if it did exist, would have no bearing on the resolution of the parties' summary judgment motions. Accordingly, the Court should deny plaintiff's motion to delay consideration of defendant's motion for summary judgment. The Court should also conclude that there is no genuine issue of material fact with respect to whether defendant Campbell's rejection of plaintiff's mail was in retaliation for his prior lawsuit, and accordingly should grant defendant Campbell's motion for summary judgment and deny plaintiff's cross-motions for summary judgment. Finally, if the Court accepts these recommendations, the Court should deny as moot defendant's motion to stay discovery.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 8/26/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 26, 2009.

                                   s/Eddrey Butts
                                   Case Manager