**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARRELL SIGGERS,

        Plaintiff,

v.

        Civil Case No. 07-12495

        HON. MARIANNE O. BATTANI

ELLEN M. CAMPBELL, *et al.*,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO DELAY CONSIDERATION, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S CROSS-MOTIONS FOR SUMMARY JUDGMENT, AND DEFENDANT'S MOTION TO STAY DISCOVERY**

**I.    INTRODUCTION**

This matter is before the Court as a result of the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 66). In the R&R, the Magistrate Judge recommends that this Court deny Plaintiff Darrell Siggers' Motion to Delay Consideration of Defendant Ellen Campbell's Motion For Summary Judgment, (doc. 56), grant Campbell's Motion for Summary Judgment, (doc. 52), deny Siggers' two Cross-Motions for Summary Judgment, (docs. 57, 65), and deny as moot Campbell's Motion to Stay Discovery, (doc. 53). For the reasons that follow, the Court adopts the R&R.

## II. STATEMENT OF FACTS

Siggers, a state prisoner, commenced this action on June 11, 2007, by filing a *pro se* civil rights action under 42 U.S.C. § 1983 against Ellen Campbell, Patricia Caruso, Andrew Jackson, and N. Minton. He contended that Defendants retaliated against him for filing a previous lawsuit against a prison employee by rejecting his mail and issuing him misconduct tickets. On December 10, 2008, this Court entered an order dismissing all of Siggers' claims with the exception of his claim against Campbell relating her September 12, 2006, rejection of his legal mail.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of

material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2).

## IV. ANALYSIS

### A. SIGGERS' MOTION TO DELAY CONSIDERATION OF CAMPBELL'S MOTION FOR SUMMARY JUDGMENT

Siggers argues that the Court should delay consideration of Campbell's Motion for Summary Judgment because he needs Campbell to provide him with requested discovery and, in particular, he needs to be given the administrative hearing reports regarding his grievance of the rejection of his September 12, 2006, mail.[1] The R&R recommended that this Court find that there are not grounds for delaying consideration of Campbell's Motion for Summary Judgment because the evidence indicates that no such administrative hearing report exists and, even if it did exist, it would be irrelevant to

---

[1] Siggers also asserted that a ruling on Campbell's motion should be delayed until a decision was rendered on his motion to alter or amend judgment. As the Magistrate Judge noted without objection, however, Siggers' Motion to Alter or Amend Judgment is no longer pending. (See doc. 54).

3

resolution of whether Campbell's rejection of Siggers' mail was an act of illegal retaliation. Siggers objects that if he is provided with the interrogatories, admissions, and production of documents he has requested, those items will provide him with support for his claim. As an example, Siggers asserts that he recently obtained a copy of a March 17, 2009 email from a mailroom supervisor that explains how MDOC Policy Directive 04.07.112(M) should be applied and, therefore, shows that Campbell incorrectly applied that policy when she rejected his legal mail. Siggers asserts that this email "demonstrates a significant probability that there are additional emails, memorandums, and/or other information in Defendant's possession relevant to the herein case."

>Under Federal Rule of Civil Procedure 56(f),
>
>If a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>>(1) deny the motion;
>>
>>(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>>
>>(3) issue any other just order.

A party opposing summary judgment under Rule 56(f) must provide more than "general and conclusory statements" regarding the need for discovery. CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir. 2008) (citation omitted). In fact, the Sixth Circuit Court of Appeals has upheld the denial of Rule 56(f) motions on vagueness grounds even when the parties had no opportunity for discovery. Id.

4

Even assuming that the assertions in Siggers' unsworn pleading would satisfy Rule 56(f)'s requirement that the motion "shows by affidavit," the Court finds that Siggers' motion fails because his assertions are only "general and conclusory statements" that fail to show "for specified reasons" his need for further discovery. See id.; FED. R. CIV. P. 56(f). In particular, Siggers' objection fails to identify with any specificity either the particular discovery that he needs or how that discovery is essential to his opposition to Campbell's Motion for Summary Judgment. The Court certainly would not rule on a motion for summary judgment before the opposing party had been able to obtain necessary discovery, but Siggers' vague assertions fail to adequately demonstrate his need for discovery. Accordingly, the Court denies Siggers' Motion to Delay Consideration of Campbell's Motion for Summary Judgment.

**B.     MOTIONS FOR SUMMARY JUDGMENT**

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). It is well established that prisoners have a right of access to the courts that is constitutionally protected conduct. Id. "Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can

show that [she] would have taken the same action in the absence of the protected activity, [she] is entitled to prevail on summary judgment." Id. at 399 (citation omitted).

The Magistrate Judge recommends that this Court grant Campbell's Motion for Summary Judgment and deny Siggers' Cross-Motions for Summary Judgment because Siggers failed to show that there was a genuine issue of material fact regarding whether Campbell rejected his legal mail due to his previous lawsuit. (Doc. 66 at 6-11). In particular, the Magistrate Judge concluded that (1) there was no evidence that Campbell knew of Siggers' involvement in the previous lawsuit; (2) there was no evidence that Campbell personally knew the defendant in Siggers' previous lawsuit; (3) there was insufficient temporal proximity to give rise to an inference of retaliation and (4) the evidence showed that Campbell rejected Siggers' legal mail because she believed it was a violation of MDOC Policy Directive 04.07.112(M). Siggers objects to each of these conclusions and contends that his legal mail should not have been rejected because it did not violate the policy directive.

The Court finds that, even assuming that Campbell both knew the defendant in Siggers' previous lawsuit and knew of the suit itself, Siggers has not presented evidence showing that she rejected his mail because of the prior suit. Siggers argues that the necessary causal connection is established by the temporal proximity between the issuance of the October 28, 2005, order securing his presence for trial in his previous lawsuit and Campbell's act of opening his outgoing mail on October 31, 2005,

which resulted in him receiving a misconduct ticket and being placed in segregation on November 4, 2005.[2] For the reasons that follow, this objection fails.

Siggers filed his previous suit in 2001, but the trial did not occur until November 16, 2005. Campbell began rejecting Siggers' incoming legal mail, however, on September 6, 2005. She proceeded to also reject his mail on October 10, October 11, and October 24, 2005. All of this occurred before the October 28, 2005, order that Siggers contends led to him receiving the misconduct ticket relating to his October 31, 2005, outgoing mail. In addition, this was before Siggers' case went to trial on November 16, 2005. Following Siggers' success at trial, however, Campbell did not reject any of his incoming or outgoing mail until the September 12, 2006, rejection of his incoming mail that is at issue in this case.

If Siggers is attempting to argue that the October 28, 2005, court order in his previous suit led to a series of retaliatory acts that began with the October 31, 2005, misconduct ticket and included the September 12, 2006, mail rejection at issue in this case, his argument fails because his mail was rejected four times during the three months preceding the October 28, 2005, order. Accordingly, even assuming that a series of retaliatory acts occurred, they were not caused by the October 28, 2005, order because the acts started well before that order was issued. In addition, because of the significant amount of time that passed between the October 31, 2005, misconduct ticket and the September 12, 2006, mail rejection, it cannot be inferred that the cause of the

---

[2] Although Siggers' did bring a retaliation claim in this case based on the misconduct ticket he received following Campbell's opening of his mail on October 31, 2005, this Court previously dismissed that claim. (See doc. 46 at 7-9).

misconduct ticket also was the cause of the mail rejection. As such, the Court is not persuaded by Siggers' contention that the October 28, 2005, order and October 31, 2005, misconduct ticket shows the necessary causal connection regarding the September 12, 2006, rejection of his mail.

In addition, although Siggers asserts that Campbell was not correctly applying MDOC Policy Directive 04.07.112(M) when she rejected his mail, this does not show that she did not believe she was correctly applying the policy directive. In fact, the evidence indicates that Campbell believed that she was properly applying the policy directive and that this belief was not unfounded. In particular, Siggers' grievance regarding the mail rejection raised his arguments concerning what he believed to be the correct application of the policy directive, and his grievance was rejected by prison officials, including the prison's warden. Accordingly, even if there was evidence showing that Campbell was motivated in part by a desire to retaliate against Siggers — and there appears to be no such evidence — Siggers' claim would fail because the evidence indicates that Campbell would have rejected his mail even if he had not been involved in the previous lawsuit due to the fact that she believed the mail violated the policy directive. See Thaddeus-X, 175 F.3d at 399.

Thus, Campbell is entitled to summary judgment because Siggers has failed to present evidence showing a genuine issue of material fact regarding whether her rejection of his mail was caused by his previous lawsuit.

**C.    CAMPBELL'S MOTION TO STAY DISCOVERY**

Campbell's Motion to Stay Discovery is moot in light of the fact that this Court is granting her motion for summary judgment.

**V.    CONCLUSION**

For the reasons discussed above, the Magistrate Judge's R&R is **ADOPTED**. Plaintiff's motion to delay consideration of Campbell's Motion for Summary Judgment and Plaintiff's Cross-Motions for Summary Judgment are **DENIED**; Campbell's Motion for Summary Judgment is **GRANTED**; and Campbell's Motion to Stay Discovery is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: September 25, 2009

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager