UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL SIGGERS (#176859),

    Plaintiff,

v.

ELLEN M. CAMPBELL,

    Defendant.
    _____/

Case No. 07-CV-12495-DT

Hon. Marianne O. Battani
Magistrate Judge David R. Grand

### OPINION AND ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFF'S "REQUEST FOR EXPEDITED DISCOVERY" (Doc. # 100)

Before the court is pro se Plaintiff Darrell Siggers's "Request for Expedited Discovery" which was filed as a letter on October 24, 2011 (Doc. #100). Per a notation on the letter, it was docketed as a motion to compel (the "Motion to Compel"). Siggers's Motion to Compel asks the court to "issue an order directing the defendants [] to provide [him] the requested discovery materials" and to appoint counsel to assist him in securing the production of those materials. For the reasons discussed below, the court will grant Siggers's request for discovery materials from Defendant Ellen M. Campbell (the sole remaining defendant in this case[1]), but will deny, without prejudice, his request for the appointment of counsel.

---

[1] The court will deny Siggers's request for discovery from the Defendants who have been dismissed because they are no longer parties to this action.

A. **Background**

   i. **Prior Judicial Rulings**

Much of this case's procedural history was described recently in the court's October 11, 2011 Opinion and Order (Doc. #97) which (among other rulings) denied Siggers's "Motion for Appointment of Counsel" (Doc. #90) and granted his "Motion for Leave to Supplement His Original Discovery Request for Interrogatories or Alternatively for Additional Interrogatories" (Doc. # 91).[2] The court also discussed the Sixth Circuit Court of Appeals' July 27, 2011 opinion in this case which affirmed the district court's dismissal of all claims against Defendants Caruso, Jackson and Minton, but which reversed its grant of summary judgment to Defendant Campbell. *Siggers v. Campbell, et al.*, 652 F.3d 681, 698 (6th Cir. 2011). The Sixth Circuit also found that Siggers was entitled to certain discovery he had requested of Campbell but not received:

> …Siggers has never received a response to his discovery request [despite] the obvious relevance of this discovery and the potential for it to aid his opposition to summary judgment. Even if one agrees that a hearing report on the September 12, 2006 Notice does not exist (because Siggers never requested a hearing), the rest of his discovery request is quite specific in what it seeks. With respect to the discovery he requested from Campbell, he seeks some documents that would be both easily produced and informative: (1) the hearing reports regarding the September 6, 2005 and September 29, 2006 Notices; and (2) "any e-mails, memo's or any other correspondence written by you, or to you concerning Plaintiff Siggers mail, or his status as a prisoner, while at the Mound Correctional Facility." Doc. 16 (Defendants' Motion to Stay Discovery at Exhibit 5).[3] His interrogatories are also quite simple; he seeks to know (1) "the names and job responsibilities of all the staff members you have worked with in the Mound Facility mailroom from 2005–2007"; (2) "the names of everyone you contacted or who contacted you, in relation to the actions you took in issuing Plaintiff Siggers mail

---

[2] Siggers's two-page motion to supplement his interrogatories contained four concise, separately numbered interrogatories.

[3] Siggers also sought a copy of any manual or policy defining Campbell's job responsibilities and duties. Doc. #16-7.

rejection notices"; (3) "whether you have ever been reprimanded, or disciplined during your employment by the Department of Corrections. If so, state the nature of the reprimand or discipline, and when it occurred;" and (4) "whether a civil action or lawsuit has ever been filed against you in relation to your MDOC employment. If so, state how many, when, what were the causes of action and outcome." *Id.* at Exhibit 4.

Siggers identified the discovery he sought with sufficient specificity…these materials have obvious potential to provide information on which Siggers could rely in opposing summary judgment. Siggers has sought discovery from Campbell (and others) since 2007, and he has not been dilatory. The hearing reports requested may bring to light evidence regarding the motivations behind Campbell's actions and whether she genuinely believed the mail violated P.D. 04.07.112…Finally, as mentioned, the defendants do not appear to have otherwise been responsive to any of Siggers's discovery requests.

*Id.*, at 697.

Apparently, notwithstanding the Sixth Circuit's opinion, Siggers is still waiting to receive the discovery he requested from Campbell in 2007.

### ii. <u>Siggers's Motion to Compel</u>

On October 24, 2011, Siggers filed the Motion to Compel seeking "an order directing the defendants in the above entitled matter to provide me the requested discovery materials within the next 30 days." Doc. #100. Although the Motion to Compel does not identify any particular "discovery materials," it references "[t]he records sought in my [2007] Production of Document Request [which] are maintained at the Mound facility." *Id.* Siggers notes that the Mound Facility is scheduled to close by January 7, 2012, and he states that if the materials housed there are "not produced expeditiously, they will be forever lost or destroyed…" *Id.* Siggers's Motion to Compel also seeks the appointment of counsel which he claims "would expedite and facilitate" the gathering and production of the requested materials to him. *Id.*

On November 3, 2011, Defendant Campbell filed a "Response to Plaintiff's Motion to Compel Discovery." Doc. #103. Although this appears to be a response to Siggers's instant

Motion to Compel (Doc. #100), it was docketed as a "related entry" to Document #91 – Siggers's motion to supplement his interrogatories – which has already been granted (Doc. #97). Campbell responds both that she is unclear as to which of Siggers's 2007 discovery requests she is expected to answer, and that she should not have to answer Siggers's four supplemental interrogatories because he did not re-serve them as a standalone discovery request as authorized by the court in its October 11, 2011 Opinion and Order (Doc. #97 at p.6). Doc. #103 at p. 2. Campbell states that "she is entitled to a current discovery request that delineates exactly what interrogatories, admissions and document requests Siggers wants answered." *Id.*

**B.**     **Analysis**

There is no need for Siggers to serve new, "current" discovery requests. The Sixth Circuit has already commented on the relevance and general appropriateness of Siggers's 2007 discovery requests to Campbell, and this court has specifically authorized him to serve the four new interrogatories contained in his motion to supplement interrogatories. Also, time appears to be important due to the Mound Facility's closure.

**i.**     **Siggers's 2007 Requests to Campbell**

The court is aware of at least three separate discovery requests Siggers served on Campbell on September 17, 2007: (1) "Request for Interrogatories for Defendant Ellen Campbell" (Doc. #16-6); (2) "Request for Production of Documents for Defendant Ellen Campbell" (Doc. #16-7); and (3) "Request for Admission for Defendant Ellen Campbell" (Doc. #16-8). The Sixth Circuit found that Siggers's 2007 document requests and interrogatories were sufficiently specific, and had "obvious potential to provide information on which Siggers could rely in opposing summary judgment." *Siggers*, 652 F.3d at 697. The court further noted the "obvious relevance" of Siggers's discovery requests, and that the documents sought "would be

both easily produced and informative." *Id.* Although the Sixth Circuit did not specifically address Siggers's requests for admission to Campbell, they are few in number and are of the same general nature and character as his other discovery requests. Siggers is entitled to receive full and complete responses to the above 2007 discovery requests which were directed to Defendant Campbell. Campbell did not dispute Siggers's contention about the Mound Facility's upcoming closure, or that her failure to gather and produce the requested documents prior to that closure could be prejudicial to his case. Accordingly, Campbell shall provide those responses (including the actual production of any responsive documents) by January 6, 2012.

### ii. Siggers's Supplemental Interrogatories

Although the court's October 11, 2011 Opinion and Order merely gave Siggers permission to re-serve the four supplemental interrogatories as a separate discovery request, it is unclear whether Siggers has done so. From Campbell's response, however, it appears that Siggers did not appreciate the court's authorization to re-serve the interrogatories to be a requirement that he do so in order for them to be effective. For a pro se plaintiff who has already served the defendant with the verbatim interrogatories he wants answered (albeit in a document captioned as a motion) and which the court approved for service, this is understandable. Having had the opportunity to review the history of discovery in this case, the court now concludes that justice and efficiency would not be served by requiring Siggers to re-serve those four interrogatories anew as a separate "discovery" request. Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

The four supplemental interrogatories are each concise and seek information that likely can be provided in a sentence or two. Campbell has had the four supplemental interrogatories in

5

her possession for over three months, and the fact that they were served via the court's ECF system in a document entitled "Motion for Leave to Supplement [Siggers's] Original Discovery Requests" rather than as a separate "discovery request" causes Campbell no prejudice.[4] Considering that Siggers is proceeding pro se, the timing issues discussed above, and that "the defendants do not appear to have otherwise been responsive to any of Siggers's discovery requests," *Siggers*, 652 F.3d at 697, there is no cause for further delaying Campbell's response to the four supplemental interrogatories. Accordingly, Campbell shall respond to the four supplemental interrogatories contained in Siggers's "Motion for Leave to Supplement His Original Discovery Request for Interrogatories" (Doc. #91) by January 6, 2012.

### iii. Siggers's Request for Appointment of Counsel

Siggers's Motion to Compel also requests the appointment of counsel: "it is my hope that you will grant my motion for appointment of counsel, as counsel can speak directly to the staff responsible for storing and maintaining the requested records, which would expedite and facilitate this process considerably." Doc. #100. As noted above, the court denied, without prejudice, Siggers's prior motion for appointment of counsel. Doc. #97. Accordingly, the court deems Siggers to be renewing that prior motion under 28 U.S.C. § 1915 which provides, in part, that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The court's instant Opinion and Order identifies the document requests to which Campbell must respond, and since, as the Sixth Circuit has noted, those documents are "easily produced," the court does not anticipate Campbell having difficulty doing so by the January 6,

---

[4] Siggers's filing indicated that it was being submitted pursuant to Fed. R. Civ. P. 33, and that he desired responses "within 30 days after service of **this request**." (Emphasis added). And, Campbell states that through his filing "Siggers supplemented his original discovery with four interrogatories." Doc. #103 at p. 1.

6

2012 deadline. Accordingly, Siggers's renewed motion for appointment of counsel is denied without prejudice. Siggers may renew that motion if future circumstances warrant it.

### C. Order

For the reasons discussed above, Defendant Siggers's "Request for Expedited Discovery" (Doc. #100) is GRANTED as to Defendant Campbell and DENIED as to dismissed Defendants Caruso, Jackson and Minton.

IT IS ORDERED that Defendant Campbell shall respond to Siggers's: (1) "Request for Interrogatories for Defendant Ellen Campbell" (Doc. #16-6); (2) "Request for Production of Documents for Defendant Ellen Campbell" (Doc. #16-7); and (3) "Request for Admission for Defendant Ellen Campbell" (Doc. #16-8) by January 6, 2012. Where a request calls for the production of documents or other materials, such production shall be made by January 6, 2012.

IT IS FURTHER ORDERED that Defendant Campbell shall respond to Siggers's four supplemental interrogatories contained in his "Motion for Leave to Supplement His Original Discovery Request for Interrogatories" (Doc. #91) by January 6, 2012.

IT IS FURTHER ORDERED that Plaintiff Siggers's request for appointment of counsel is denied without prejudice.

IT IS SO ORDERED.

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

s/ David R. Grand
DAVID R. GRAND
Dated: December 2, 2011           UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the above order was served upon counsel of record on this date, December 2, 2011, using the ECF system, and upon Plaintiff at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, Michigan 49784, by first-class U.S. mail.

                                                s/William Barkholz
                                                Deputy Clerk