# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARRELL SIGGERS,

       Plaintiff,

v.

ELLEN M. CAMPBELL, et al.,

       Defendants.

_____/

CASE NO. 2:07-cv-12495

HON. MARIANNE O. BATTANI

### OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the parties' objections to the Magistrate Judge's Report and Recommendation ("R&R"). Plaintiff Darrell Siggers, an inmate at Muskegon Correctional Facility, filed the instant action against several correctional facility employees alleging violations of his First Amendment rights of free speech and to be free from retaliation for filing a prior lawsuit. The matter was referred the Magistrate Judge David Grand in accordance with 28 U.S.C. § 636(b). At the close of discovery, the parties filed cross-motions for summary judgment on the only remaining claim, retaliation in violation of the First Amendment against Defendant Ellen Campbell, the mailroom clerk at Mound Correctional Facility. On referral, the Magistrate Judge issued a R&R recommending that the Court deny both motions. Both parties filed timely objections. For the reasons stated below, the Court **ADOPTS** the R&R, **DENIES** Plaintiff's motion for summary judgment, and **DENIES** Defendant's motion for summary judgment.

**I.    RELEVANT FACTS**

On September 12, 2006, Defendant Ellen Campbell, the mailroom clerk at Mound Correctional Facility, rejected a piece of mail sent to Plaintiff Darrell Siggers by another prisoner, Carnell Bates. The piece of mail was a legal brief related to Bates' case, but allegedly could have helped Siggers. Campbell allegedly rejected the piece of mail pursuant to Michigan Department of Corrections Policy Directive 04.07.112(M)(1) (effective November 12, 2004), which states that prisoners "shall be permitted to possess legal property," including materials "necessary to a prisoner's pending litigation, or reasonably necessary to another prisoner's pending litigation provided there is a current, valid agreement for legal assistance with the other prisoner . . . ." Because there was no current, valid legal agreement and the mail did not constitute "legal property" under the Policy Directive, Campbell withheld the mail from Siggers.

After the rejection, Siggers wrote to Campbell asserting that the mail was permissible under the Stapleton Memorandum, dated October 24, 2002, prohibiting the rejection of legal mail "solely on the basis that another prisoner is identified as a party" and "even if there is no authorized legal assistance agreement between the prisoners involved." Campbell informed Siggers that the Stapleton Memorandum was superseded by Policy Directive 04.07.112(M)(1). Siggers then filed the instant action alleging, *inter alia*, that Campbell rejected the mail in retaliation for Siggers' success in a lawsuit against one of Campbell's co-workers, David Barlow (the "Barlow lawsuit").

## II. STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III. ANALYSIS

To prevail on a claim for retaliation in violation of the First Amendment, the plaintiff must satisfy three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in party by the plaintiff's protected conduct.

Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). Generally, it is "much harder for a prisoner to show that his conduct is protected because prison regulations are allowed to infringe on prisoner's rights as long as they are rationally related to a legitimate pedagogical concern." Id. at 395. In addition, the plaintiff must establish that "his protected conduct was the motivating factor behind" the adverse action. Id. at 399. Once the plaintiff meets this burden, the burden shifts to defendant to demonstrate that she would have engaged in the same conduct absent the protected conduct. Id.

In the R&R, the Magistrate Judge focused only on the causal element of the retaliation claim, noting that the previous R&R concluded that Siggers satisfied the first two elements. With respect to causation, the Magistrate Judge found that circumstantial

3

evidence created a genuine dispute of fact as to whether Campbell knew of the Barlow lawsuit when she rejected the mail. However, at the same time, he found the evidence insufficient to establish Campbell's knowledge because of credibility issues.

It is undisputed that prior to the Sixth Circuit's decision in the Barlow lawsuit, Campbell never rejected any of Siggers' mail. In the R&R, the Magistrate Judge noted that the evidence indicated that: (1) beginning in October 2005, Siggers' mail was being opened; (2) in November 2005, Siggers sent and received several pieces of mail regarding the Barlow lawsuit; (3) Campbell, as one of two mailroom clerks, played a key role in screening Siggers' mail; (4) on September 29, 2006, Campbell rejected a piece of Siggers' mail which mentioned the lawsuit and requested legal assistance; and (5) Campbell's September 29, 2006 rejection notice mentioned "legal assistance," suggesting that she was reading the mail. Thus, the Magistrate Judge determined that all of the evidence circumstantially demonstrated that Campbell may have known about the Barlow lawsuit when she rejected Siggers' mail. In addition, this raised the question of whether Campbell's deposition testimony that she did not know of the lawsuit until 2007 is truthful.

In addition, the Magistrate Judge found credibility issues with Campbell's justifications for rejecting the mail. At one point, Campbell asserted the Stapleton Memorandum as her basis, but relied on the Policy Directive in another instance. Combined with the credibility issues in her deposition testimony, the Magistrate Judge refused to conclude that Campbell would have taken the same action regardless of Siggers' protected activity.

Consequently, the Magistrate Judge denied both motions.

### A. Defendant's Objections

First, Campbell objects to the Magistrate Judge's reliance on circumstantial evidence in finding a dispute of fact over Campbell's knowledge of the Barlow lawsuit. Campbell vigorously argues that there is no direct proof that she actually read any of the letters. However, direct evidence is not required to create a genuine dispute of fact. Thaddeus-X, 175 F.3d at 399-400 (noting that "[c]ircumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals, is appropriate" to demonstrate causation in a retaliation claim). There is ample circumstantial evidence in the record for reasonable minds to debate whether Campbell knew of the lawsuit when she rejected Siggers' mail. Thus, the objection is without merit.

Second, Campbell asserts that the Magistrate Judge erred in relying upon the affidavit of Darnell Bates because it is inadmissible hearsay. Specifically, the affidavit states that Siggers sent Bates a copy of the Detroit Free Press article that mentions the Barlow lawsuit. In conjunction with letters from two attorneys to Siggers, the Magistrate Judge found that this supported the premise that Siggers was sending and receiving correspondence from several parties regarding the Barlow lawsuit as early as November 2005.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence . . . ." Fed. R. Civ. P. 56(c)(4). Here, Bates certainly has personal knowledge regarding his receipt of materials from Siggers referencing the Barlow lawsuit. Campbell fails to otherwise explain why the evidence is inadmissible.

Last, Campbell asserts the Magistrate Judge erred in finding a dispute of fact regarding her legitimate justification for rejecting Siggers' mail. The Magistrate Judge found that Campbell offered two different reasons for her conduct. In addition, her credibility is at issue given the strong circumstantial evidence undermining her deposition testimony that she did not know of the Barlow lawsuit until Siggers filed the instant action in 2007. Consequently, the Magistrate Judge did not err in denying Campbell's motion for summary judgment.

### B. Plaintiff's Objections

Siggers' sole objection is that the Magistrate Judge erred in his conclusion that the circumstantial evidence of Campbell's knowledge is "subject to different interpretations." However, Siggers offered no direct evidence that Campbell had knowledge of the Barlow lawsuit. Given the evidence in dispute, a reasonable jury could find in favor of either party. Thus, the objection is meritless.

### IV. CONCLUSION

Accordingly, the Court **ADOPTS** the R&R, **DENIES** Plaintiff's motion for summary judgment, and **DENIES** Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Date: July 16, 2014                                    s/Marianne O. Battani
                                                       MARIANNE O. BATTANI
                                                       United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 16, 2014.

                                                       s/ Kay Doaks
                                                       Case Manager