**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARRELL SIGGERS,

        Plaintiff,

CASE NO. 2:07-cv-12495

v.

HON. MARIANNE O. BATTANI

ELLEN M. CAMPBELL, et al.,

        Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS AND
AFFIRMING THE MAGISTRATE JUDGE'S ORDERS**

This matter is before the Court on Plaintiff Darrell Siggers' Objections to the Magistrate Judge's (1) Opinion and Order Denying Plaintiff's Motion for Contempt and/or Sanctions and (2) Opinion and Order Denying Plaintiff's Motion for Spoliation Sanctions. (Doc. Nos. 195, 201). For the reasons stated below, Plaintiff's objections are **DENIED** and the orders of the Magistrate Judge are **AFFIRMED**.

**I.    STATEMENT OF FACTS**

Siggers does not object to the Magistrate Judge's recitation of the procedural history and facts, and therefore the Court incorporates by reference those portions of the Opinion and Orders as if fully set forth herein. See (Doc. No. 187 at 1-3; Doc. No. 188 at 1-3).

**II.    STANDARD OF REVIEW**

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days of service. Fed. R. Civ. P. 72(a). The district court may set aside any part of the order that is clearly erroneous or contrary to law. Id. The clearly erroneous standard "plainly does not entitle a reviewing court to reverse the finding of the trier of

fact simply because it is convinced that it would have decided the case differently." Anderson v. Bessemer City, N.C., 470 U.S. 564, 573 (1985). Rather, the reviewing court must be convinced that "a mistake has been committed." Id.

## III. ANALYSIS

### A. Contempt/Sanctions

Siggers seeks sanctions against Campbell, Jackson, and Attorney Thurber for (1) failing to produce the "Jackson Memo" until 2013 and for (2) Jackson, Campbell, and Attorney Thurber's conduct during depositions. Fed. R. Civ. P. 37(b)(2) grants courts broad discretion to impose sanctions for a party's failure to comply with orders of the court. See Reg'l Refuse Sys., Inc. v. Inland Reclamation Co., 842 F.2d 150, 153 (6th Cir. 1988) (overruled on other grounds).

#### 1. Jackson Memo

With respect to the 2005 Jackson Memo, Campbell argues that the failure to disclose was inadvertent. She claimed she turned the memo over to Attorney Thurber. However, it was "lost in the copying process" and never disclosed to Siggers. The Magistrate Judge found that Siggers failed to establish that the failure to disclose "was anything other than inadvertent." (Doc. No. 187 at 5). In addition, Siggers presented no direct evidence that Campbell or Attorney Thurber intentionally withheld the memo and found that Siggers suffered no prejudice as a result. The Court agrees with the Magistrate Judge's conclusion, given that the explanation for the failure to disclose is plausible and the lack of evidence supporting an inference that the memo was intentionally withheld.

#### 2. Conduct During Depositions

Siggers also asserts sanctions are warranted against Attorney Thurber for failing to advise Campbell and Jackson not to communicate prior to their depositions and for his "unprofessional and demeaning tone and attitude" towards Siggers during the depositions. In addition, Siggers claims Jackson was evasive and nonresponsive during his deposition.

The Magistrate Judge correctly noted that there is no rule that prohibits witnesses from speaking to each other before and after depositions. In addition, after review of the depositions, the Magistrate Judge found that Attorney Thurber did not act inappropriately. Attorney Thurber answered questions from Siggers and was entitled to object and ask questions of the witnesses. Contrary to Siggers' belief, it was not "his" deposition. Thus, the Court will not disturb the Magistrate Judge's finding that Attorney Thurber "maintained an appropriate degree of professionalism at all times." (Doc. No. 187 at 8).

Regarding Jackson's conduct, Siggers claims Jackson answered many questions with "I don't know" or "I don't remember." The Magistrate Judge reviewed the transcript and concluded that although it makes Jackson appear "less forthcoming than one would expect," many of the events took place over a decade ago. (Id.) In addition, it is likely that Jackson's memory would fade and he may not remember a specific memo created in 2005. Siggers offered no proof that Jackson was untruthful. Instead, the Magistrate Judge noted that "it simply appears that Siggers was not satisfied with Jackson's inability to recall precise details of events that occurred many years ago." (Id.)

Consequently, the Court declines to overturn the ruling of the Magistrate Judge, which is reasonable in light of the circumstances. Certainly, a witness's memory fades over time, and the jury will be able to judge the credibility of Jackson during trial.

**B.     Spoliation**

Next, Siggers argues that spoliation sanctions are warranted against Campbell because she failed to preserve emails responsive to his 2007 discovery request. Siggers requested all emails concerning his mail, which is the basis for his First Amendment retaliation claim. The Magistrate Judge found that although Campbell had a duty to preserve the emails, her conduct did not "merit the imposition of sanctions." (Doc. No. 188 at 8). He further noted, "[t]his situation presents a closer call than either party is willing to recognize, but one which, after weighing all of the relevant considerations, favors denying Siggers' instant motion."  (Id.)

Spoliation is "the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." United States v. Copeland, 321 F.3d 582, 597 (6th Cir. 2003). Sanctions for spoliation range from dismissal to adverse inference jury instruction. Adkins v. Wolever, 554 F.3d 650, 653 (6th Cir. 2009) (*en banc*). An adverse inference instruction requires the moving party to establish

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

Beaven v. U.S. Dept. of Justice, 622 F.3d 540, 553 (6th Cir. 2010) (quotation omitted).

Here, Campbell did not take steps to preserve emails prior to the filing of the complaint. In addition, a litigation hold was not placed in effect until four years after the

4

filing of the complaint and no emails were preserved during that time. Nonetheless, the Magistrate Judge found sanctions inappropriate because Siggers failed to demonstrate Campbell's "culpable state of mind" in destroying the evidence and show that responsive documents existed and were among those destroyed. In fact, Siggers received the benefit of appointed counsel to vigorously assist him in obtaining responsive emails. However, only one relevant email created in the four year period was produced.

After review, it cannot be said that the Magistrate Judge's decision was clearly erroneous or contrary to law. Siggers failed to demonstrate that any emails were created that discussed his mail or that any were destroyed even in light of the fact that no litigation hold was in effect. There is no evidence that Campbell intentionally destroyed any relevant document. Importantly, the Magistrate Judge correctly noted that "Siggers can obtain appropriate redress by questioning Campbell at trial about her failure to timely impose a litigation hold . . . ." (Doc. No. 188 at 8). Thus, the Court refuses to overturn the Magistrate Judge's order.

## IV. CONCLUSION

Accordingly, as the rulings of the Magistrate Judge are not clearly erroneous or contrary to law, Plaintiff's Objections are **DENIED** and both of the Magistrate Judge's Orders are **AFFIRMED**.

**IT IS SO ORDERED.**

Date: October 6, 2014     s/Marianne O. Battani
                          MARIANNE O. BATTANI
                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 6, 2014.

s/ Kay Doaks<br>
Case Manager